**Kirtimati PHAGOO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 10–2567–ag.**

United States Court of Appeals, Second Circuit.

Aug. 17, 2012.

Judy Resnick, Law Office of Judy Resnick, Far Rockaway, N.Y., for Petitioner.

Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation; Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: JON O. NEWMAN, ROSEMARY S. POOLER, GERARD E. LYNCH, Circuit Judges.[1]

### *SUMMARY ORDER*

Kirtimati Phagoo, a native and citizen of Guyana, seeks review of a June 21, 2010, order of the BIA affirming the April 2, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Phagoo's motion to rescind an *in absentia* deportation order and to re-open her proceedings. *In re Phagoo*, No. A073–564–910 (B.I.A. June 21, 2010), *aff'g* No. A73–564–910 (Immig.Ct.N.Y.C. Apr. 2, 2010). We assume the parties' familiarity with the underlying facts of this case and the arguments raised on appeal.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). "[W]e ... construe [Phagoo's] motion to rescind the *in absentia* removal order and to reopen proceedings on the basis of new evidence as comprising two distinct motions, which we review under different substantive standards." *Alrefae v. Chertoff*, 471 F.3d

353, 357 (2d Cir.2006). "When the BIA has applied the correct law, we review the decision to deny a motion to reopen or a motion to rescind for abuse of discretion." *Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir.2006).

In denying Phagoo's motion to rescind her *in absentia* deportation order, the IJ did not err in concluding that Phagoo failed to demonstrate that she did not receive proper notice of her deportation proceedings. Even though Phagoo claimed in her affidavit that she never received notice of the proceedings, postal receipts suggested otherwise. *Cf. Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir.2006) (per curiam).

Moreover, the IJ did not improperly conclude that Phagoo failed to demonstrate "changed country conditions" in Guyana that would have permitted her to file a motion to reopen that would have otherwise been untimely. 8 U.S.C. § 1229a(c)(7)(C)(ii).

Accordingly, the petition for review is DENIED and Phagoo's motion for a stay is DISMISSED as moot. In addition, Phagoo's request for oral argument in this case is denied. *See* Fed. R.App. P. 34(a)(2).

---

1. The Honorable Roger J. Miner, who had originally been assigned to this panel, died on February 18, 2012. The Honorable Jon O. Newman has substituted for him on the panel.